IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALTER GLOVER,** | : | |
| | : | |
| **Petitioner** | : | **CIVIL NO. 1:CV-13-00293** |
| | : | |
| **v.** | : | **(Judge Rambo)** |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA,** | : | |
| | : | |
| **Respondent** | : | |

# M E M O R A N D U M

## I.    Background

On February 6, 2013, Petitioner Walter Glover, a former state inmate

incarcerated at the State Correctional Institution in Waymart, Pennsylvania ("SCI-

Waymart"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254,

challenging his 2010 guilty plea and sentence in the Court of Common Pleas of

Dauphin County, Pennsylvania.  (Doc. 1.)  As relief, Petitioner requests that his

judgment of sentence be vacated and he be released from incarceration.

By order issued March 4, 2013, the court directed service of the petition on

Respondent.  (Doc. 7.)  Respondent filed a response to the petition on March 29, 2013.

(Doc. 11.)  However, on February 11, 2014, Petitioner filed a change of address

indicating that he has been released from incarceration and is currently located at the

Bethesda Mission in Harrisburg, Pennsylvania.  (Doc. 12.)  As a result, by order dated

February 11, 2014, the court directed Petitioner to file a notice showing cause why his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 should not be dismissed as moot as a result of his release from incarceration.  (Doc. 13.)  Petitioner was also advised that it is his burden to demonstrate that collateral consequences exist to avoid having his case dismissed as moot.  (*Id.*) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).

Petitioner filed his reply to the court's order on February 24, 2014.  (Doc. 15.) In the reply, Petitioner initially states, "Your Honor, I believe the Clerk of Court made a mistake entering Civil No. 1:13-CV-0293 instead of Civil No. 1:13-CV-2729, but I will respond to both civil numbers."  (*Id.*)  He then proceeds to set forth the reasons why his civil matter under docket number 1:13-CV-2729, a complaint filed pursuant to the provisions of 42 U.S.C. § 1983, should not be dismissed.  (*See id.*; *see also Glover v. Horvath, et al.*, Civ. No. 1:13-CV-2729 (M.D. Pa.).)  Because Petitioner has not demonstrated that collateral consequences exist to avoid having his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 dismissed as moot as a result of his release from incarceration, the § 2254 petition will be dismissed as moot. Petitioner's case docketed at *Glover v. Horvath, et al.*, Civ. No. 1:13-CV-2729 (M.D. Pa.), is not affected by this ruling.

## II.   Discussion

Pursuant to Article III, Section 2, of the United States Constitution, federal courts can only consider ongoing cases or controversies.  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002) (finding that an actual controversy must exist during all stages of litigation).  This is a "bedrock requirement" and requires the petitioner to establish that he or she has proper "standing" to sue.  *Raines v. Byrd*, 521 U.S. 811, 818 (1997).  A petitioner must allege personal injury fairly traceable to the respondent's allegedly unlawful conduct and likely to be redressed by the requested relief.  *Id*. at 818.

When a habeas petitioner challenges his underlying conviction, and he is released during the pendency of his habeas petition, federal courts presume that "a wrongful criminal conviction has continuing collateral consequences" sufficient to satisfy the injury requirement.  *Spencer v. Kemna*, 523 U.S. 1, 8 (1998); *see Steele v. Blackman*, 236 F.3d 130, 134 n.4 (3d Cir. 2001).  However, "once a litigant is unconditionally released from criminal confinement, the litigant [can only satisfy the case-and-controversy requirement by] prov[ing] that he or she suffers a continuing injury from the collateral consequences attaching to the challenged act," *Kissinger*, 309 F.3d at 181, "that is likely to be redressed by a favorable judicial decision,"

*Spencer*, 523 U.S. at 7.  Consequently, in the absence of continuing collateral consequences, a federal district court does not have jurisdiction to review moot habeas claims.  *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("[m]ootness is a jurisdictional question").

Here, Petitioner challenges his 2010 guilty plea and sentence in the Dauphin County court.  The only relief Petitioner requests is an order directing that his sentence be vacated and thus he be released from incarceration.  Since his release has obviously already occurred, (*see* Doc. 12), it is incumbent upon Petitioner to demonstrate that no collateral consequences exist to avoid having his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 dismissed as moot as a result of his release from incarceration.  The court expressly directed Petitioner to do so, (*see* Doc. 13), and it appears that Petitioner does not object to the dismissal as moot of his § 2254 petition, as he argues no collateral consequences, (*see* Doc. 15).  As a result, this matter has been mooted by Petitioner's release from incarceration, and accordingly, the petition will be dismissed.

       s/Sylvia H. Rambo
       United States District Judge

Dated:  February 27, 2014.

4